UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDERICK ANTHONY GREGORY, JR.,

    Plaintiff,

v.                                            Case No. 3:19-cv-707-J-39JBT

E. PEREZ-LUGO and JEAN E. BAPTISTE,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Frederick Anthony Gregory, Jr., an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names as Defendants two doctors with the Florida Department of Corrections (FDOC): E. Perez-Lugo and Jean E. Baptiste. In his Complaint, Plaintiff asserts Defendants were deliberately indifferent to his need for emergency surgery to correct a serious spinal injury. Plaintiff alleges he sustained the injury in September 2016, when he was detained at Indian River County Jail (IRCJ). See Complaint at 3. On October 31, 2016, Plaintiff treated with a physician at Indian River Memorial Hospital, who informed him he needed emergency surgery, based on the results of an MRI. Id.

Almost seven months later, on May 26, 2017, Plaintiff came under the care of the FDOC when he arrived at Columbia Correctional Institution (CCI). At that time, Plaintiff

had not undergone the surgery the hospital physician recommended. Id. at 2, 4. At CCI, Defendants Perez-Lugo and Baptiste ordered an MRI. Attempts to perform the MRI were initially frustrated because Plaintiff was too large for the MRI machines. Id. at 4-5. Although unclear, it appears at least three to four attempts to perform the MRI were impeded for this reason. After the failed attempts to perform the MRI, Plaintiff states he was "sent to the Lake Butler Reception Center twice and nothing was gained by those medical trips." Id. at 5. He states it is his hope Defendant Perez-Lugo will not continue to delay the necessary surgery. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations

and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cognizable claim, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence") (citing Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985). As such, allegations of medical negligence do not state a claim for deliberate indifference. Estelle, 429 U.S. at 105-06. "Medical malpractice

3

does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"). Moreover, alleging a "simple difference in medical opinion" does not state a deliberate indifference claim. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 2007).

Plaintiff alleges no facts that suggest or could plausibly be construed to suggest Defendants' conduct was "so grossly incompetent, inadequate, or excessive." See Harris, 941 F.2d at 1505. Rather, Plaintiff alleges Defendants were responsive to his needs once he came under the care and custody of the FDOC by ordering an MRI to assess and treat his serious medical condition. While the MRI was delayed, the delay was not attributable to these Defendants. Plaintiff does not allege Defendants intentionally withheld or delayed treatment, chose an easier but less effective course of treatment, or intentionally interfered with a course of treatment prescribed by an FDOC physician. See Estelle, 429 U.S. at 104 (discussing ways in which deliberate indifference to a serious medical need may be manifested).

Plaintiff's suggestion that Defendants were obliged to follow the treatment plan of an outside medical provider does not satisfy the exacting deliberate indifference standard. See Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) ("Nothing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference."). Plaintiff's allegations suggest he merely disagrees with Defendants'

4

course of treatment or FDOC policy.[1] He states he "does not understand" why Defendants ordered an MRI and did not instead rely on the medical records and diagnostic tests from the hospital physician with whom he treated while detained at IRCJ. Complaint at 8. Plaintiff asserts, "attempts to have another MRI performed was a waste of time." Id. Whether to order a diagnostic test is a classic example of a physician exercising his medical judgment. See Estelle, 429 U.S. at 107 (holding that a question of whether additional diagnostic tests should be ordered is one of professional, medical judgment). This Court may not second guess Defendants' medical judgment to order a diagnostic test to treat a patient under their care rather than rely on tests and medical records prepared by another provider seven months prior. To the extent Defendants' decisions to order a subsequent MRI were misguided, such conduct constitutes medical negligence, not deliberate indifference.

For these reasons, Plaintiff fails to state a cognizable claim under § 1983, and his Complaint is subject to dismissal.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

---

[1] In his Complaint, Plaintiff asserts he grieved the delay in receiving surgery and was informed that "an outside provide[r] or consultant [sic] is made only after you have been assessed by DOC Health Services Staff." Complaint at 6. Plaintiff references his grievances as Complaint exhibits. However, the Court received no grievance records; Plaintiff provided copies of medical records with his Complaint.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of July, 2019.

BRIAN J. DAVIS
United States District Judge

Jax-6 7/16
c:
Frederick Anthony Gregory, Jr.